UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRY S.[1],

                Plaintiff,                Civil Action No. 23-10552

v.                                        David R. Grand
                                          United States Magistrate Judge[2]

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**OPINION AND ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (ECF No. 9) AND COMMISSIONER'S
MOTION FOR SUMMARY JUDGMENT (ECF No. 11)**

      Plaintiff Sherry S. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Currently before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 9) and the Commissioner's Motion for Summary Judgment (ECF No. 11), as well as the administrative record (ECF No. 5). Plaintiff's sole argument before this Court is that the final decision of the Commissioner must be reversed and the case remanded because the Appeals Council allegedly failed to resolve a conflict between

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] The parties have consented to the undersigned exercising jurisdiction over all proceedings in this civil action pursuant to 28 U.S.C. § 636(c). (ECF No. 7).

the vocational expert's administrative hearing testimony and a vocational consultation report Plaintiff had submitted as part of the record.[3]

For the reasons set forth below, the Court finds that substantial evidence supports the Appeal Council's conclusion that Plaintiff was not disabled under the Act during the relevant time period. Accordingly, the Commissioner's Motion for Summary Judgment **(ECF No. 11)** is **GRANTED**, Plaintiff's Motion for Summary Judgment **(ECF No. 9)** is **DENIED**, and pursuant to sentence four of 42 U.S.C. § 405(g), the Appeals Council's decision is **AFFIRMED**.

**Background**

Plaintiff filed her application for DIB on December 4, 2019, and alleged an amended disability onset date of November 1, 2017. (PageID.131).[4] Her date last insured was December 31, 2019. (PageID.29). After her application was denied at the initial level on June 26, 2020 (PageID.144), she timely requested an administrative hearing. Several weeks prior to the administrative hearing, Plaintiff submitted a vocational consultative evaluation report dated August 25, 2021, from vocational consultant Carrie Benchich, M.Ed., LPC, CRC. (PageID.386-89).

Ms. Benchich's report reflects that Plaintiff had worked as an office clerk manager from 2003 to 2014, during which she "[m]anage[d] and train[ed] employees and [did]

---

[3] The Court will limit its discussion to only the salient facts related to Plaintiff's claim.

[4] Standalone citations to "PageID.___" are all to the administrative transcript in this case, which can be found at ECF No. 5-1.

2

payroll," was a "[l]ead worker," and "[s]upervised 27" others. (PageID.387).[5] Ms. Benchich conducted a "Transferable Skills Analysis" using SkillTran-OASYS, and reported:

> The DDS sedentary RFC would preclude past work. When considering transferrable skills, the following was considered:
>
> - Claimant is closely approaching retirement age. In order to find that skills are transferable in other work, claimants in the following age groups would have to make very little, if any, vocational adjustment in terms of tools, work processes, or industry: age 60 or older with a light remaining occupational base.
>
> - The claimant last performed this work 7 years ago. The processes and technology have changed reducing the transferability of skills.

(PageID.388).

Based on the above, Ms. Benchich assessed that:

> [Plaintiff] acquired no skills that are transferable to equally or less complex jobs that are less physically demanding. Due to the length of time since she last worked and her age, the computer technology and way work is performed has changed. As an individual closely approaching retirement age, to perform any other work require [sic] substantial vocational adjustment.

(*Id.*).

On September 21, 2021, a hearing was held before Administrative Law Judge ("ALJ") David Kurtz. (PageID.38-61). Plaintiff, who was represented by attorney Jessica Shea, testified at the hearing, as did vocational expert ("VE") Pauline McEachin. (*Id.*). Relevant here, the ALJ determined that VE McEachin was qualified to testify as a VE, and

---

[5] Plaintiff's past work was classified as a composite job consisting of a department supervisor and an office clerk.

counsel for Plaintiff stipulated to VE McEachin's qualifications. (PageID.55). The VE testified that Plaintiff's previously acquired skills from her past relevant work, such as "the knowledge of computer use, general clerical, basic bookkeeping, store service, inventory, and purchasing," would still exist since she last worked seven years ago in 2014. (PageID.56). The VE also testified that a hypothetical individual of Plaintiff's age, education, work experience, and RFC could perform jobs requiring skills that Plaintiff had acquired in her past relevant work but no additional skills, including work as a general office clerk, receptionist clerk, and inventory clerk. (PageID.57). She also testified that these occupations would involve the same tools, work processes, work settings, and industry as Plaintiff's past relevant work. (*Id.*). Plaintiff did not raise any challenges to the VE's testimony during the hearing.

On January 12, 2022, ALJ Kurtz issued a written decision finding that Plaintiff was not disabled under the Act between her alleged onset date through the date last insured. (PageID.117-33).[6] At Step Five, the ALJ found, based in part on the VE's testimony, that Plaintiff acquired work skills from past relevant work, which required skills involving knowledge of computer use, general clerical, basic bookkeeping, customer service, inventory, and purchasing. (PageID.131-32). Moreover, based in part on the VE's

---

[6] The Appeals Council determined that the ALJ's finding of "both the alleged onset and the date last insured are incorrect," and "[a]s noted in the decision the claimant amended her onset date to November 1, 2017 [] and her date last insured is December 31, 2019 rather than September 30 2019, leaving an unadjudicated period." (PageID.29). The Appeals Council then adjudicated "through the correct date last insured of December 31, 2019 to resolve the September 30, 2019 to December 31, 2019 unadjudicated period" and found the "medical evidence of record from the unadjudicated period does not suggest greater limitations than found in the [ALJ's] residual functional capacity are warranted." (*Id.*).

testimony, the ALJ found that given Plaintiff's age, education, work experience, and RFC, her previously-acquired work skills from past relevant work were transferable to other occupations with jobs existing in significant numbers in the national economy, including general office clerk (400,000 jobs), reception clerk (300,000 jobs), and inventory clerk (200,000 jobs). (PageID.132).[7] Thus, the ALJ concluded that Plaintiff was not disabled under the Act during the relevant time period. (*Id.*, PageID.46).

On February 3, 2023, the Appeals Council ("AC") reviewed the ALJ's decision. (PageID.28-33). Relevant here, the AC addressed Plaintiff's request to review her contention that the ALJ's decision "did not evaluate or explain the persuasiveness accorded to the opinion of [Ms. Benchich], regarding transferable skills." (PageID.29). First, the AC determined that while the ALJ "does not mention [Ms. Benchich's] opinion, it is exhibited in the record, and he was not required to explain its level of persuasiveness" because it was a "non-medical vocational opinion and not a medical opinion as described [in] 20 CFR 404.1520c," and an ALJ is "not required to articulate how [he] considered evidence from non-medical sources using the same requirements for medical opinions[.]" (PageID.30). Second, the AC considered Ms. Benchich's report and found that the testimony from VE McEachin at the administrative hearing was supported, as the ALJ found VE McEachin was qualified to express opinions on vocational matters, her opinion was reliable, and Plaintiff's representative at the hearing stipulated to VE McEachin's

---

[7] While the ALJ did not expressly discuss Ms. Benchich's opinion, it is listed in the exhibits that the ALJ reviewed in issuing his opinion. (PageID.137) (noting Exhibit B23E concerning "Representative Correspondence; Independent VE report/resume").

5

qualifications. (*Id.*). The AC further explained that "when considering how much time has passed since last working, the period under consideration is from the date last worked, September 2014 through the date last insured, December 31, 2019, which is a few months past 5 years," that VE McEachin testified that there were transferable skills that would still exist, and that the Step Five jobs identified were the same tools, work processes, work settings, and industry as Plaintiff's past relevant work. (*Id.*). Thus, because there was a qualified VE that gave hearing testimony after the Ms. Benchich's report was submitted, the AC found that the ALJ's Step Five finding was sufficiently supported. (*Id.*). As such, the AC found that Plaintiff acquired work skills from past relevant work that were transferable to other occupations during the relevant period with jobs existing in significant numbers in the national economy, and that Plaintiff was, therefore, not disabled at any time between the amended alleged onset date of November 1, 2017, through the date last insured of December 31, 2019. (PageID.31).

Plaintiff timely filed for judicial review of the final decision on March 8, 2023. (ECF No. 1).

**Standard of Review**

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted). The

phrase "substantial evidence" is a "term of art …." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id*. (internal citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence … is 'more than a mere scintilla.'" *Id.* (internal citations omitted). Specifically, "[i]t means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (internal citations omitted).

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *See Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ, AC, or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health &*

7

*Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

### Analysis

Here, Plaintiff's challenge to the Commissioner's final decision is her argument that the Appeals Council failed to resolve a "conflict" between VE McEachin's testimony at the administrative hearing and vocational consultant Benchich's statements regarding the transferability of Plaintiff's skills.[8] (ECF No. 9, PageID.884). The Commissioner responds that "the regulations do not require *any* evaluation of *non*-medical opinions," and that, in any case, the AC "does in fact discuss the evidence and explain the Commissioner's findings." (ECF No. 11, PageID.903-04) (emphasis in original). After careful review, the Court agrees that the AC adequately considered Ms. Benchich's vocational report and sufficiently explained why the ALJ's reliance on VE McEachin's testimony provides substantial evidence supporting a finding that Plaintiff's previously-acquired work skills were transferable to other jobs existing in significant numbers in the national economy during the relevant period.

Plaintiff takes issue with the fact that the ALJ failed to mention Ms. Benchich's vocational report in his decision. As the AC appropriately explained, however, while the ALJ did not mention Ms. Benchich's report, "it is exhibited in the record, and he was not

---

[8] Despite asserting multiple times that her argument is based on the inadequacy of *the AC's* decision (*see e.g.*, ECF No. 9, PageID.882 ("The Appeals Council failed to resolve the conflict . . .") 884 (same), 885 (same), 887 ("The Appeals Council failed to provide such a logical bridge.")), in her reply brief Plaintiff criticized the Commissioner for "attempt[ing] to make this issue solely concerning the Appeal's Council's discussion of [the issue] . . ." (ECF No. 12, PageID.908). At any rate, to the extent Plaintiff takes issue with *the ALJ's* discussion of the issue, the Court will address it below.

required to explain its level of persuasiveness" or otherwise articulate his consideration of evidence from non-medical sources. (PageID.30). A review of the list of exhibits attached to the ALJ's decision confirms that Ms. Benchich's vocational report is among the record evidence the ALJ considered in issuing his decision. (PageID.137) (Exhibit B23E concerning "Representative Correspondence; Independent VE report/resume"). Moreover, Plaintiff does not dispute that such report was a non-medical opinion and that the ALJ was therefore not required to expressly discuss such report. (ECF No. 12, PageID.908) (acknowledging it is "true that Ms. Benchich's opinion was non-medical and therefore did not necessitate evaluation on the level of a typical medical opinion"). Indeed, the applicable regulation provides that the Commissioner is "not required to articulate how we considered evidence from nonmedical sources," 20 C.F.R. § 404.1520c(d), and there is otherwise no requirement that either the ALJ, AC, or this court discuss every piece of evidence in the administrative record. *See Kornecky*, 167 F. App'x at 508.

In any case, in reviewing the ALJ's decision, the AC expressly considered Ms. Benchich's report, and still found that "the subsequent vocational expert testimony from Pauline McEachin is supported." (PageID.30). While Plaintiff asserts that the AC's decision does not "change the fact that by the Council's own admission, the ALJ neglected to discuss Ms. Benchich's opinion" (ECF No. 12, PageID.909), again, the ALJ was not obligated to do so, and the Sixth Circuit has held that, even where findings by the Appeals Council "may conflict with those of the ALJ . . . the Appeals Council has long been delegated the authority to act on behalf of the Secretary so that final action by the Council becomes the Secretary's final decision for purposes of judicial review." *Mullen v. Bowen*,

9

800 F.2d 535, 554 (6th Cir. 1986) ("the decision of the Appeals Council is by law the decision of the Secretary and that decision is conclusive if supported by substantial evidence."); *see also e.g., Harley v. Astrue*, 2011 WL 1542112, at *4 (W.D. Ky. Apr. 22, 2011) ("The Appeals Council vacated the ALJ's decision and rendered its own findings which constitute the Commissioner's Final Decision."). As such, the Commissioner's final decision here is the AC's decision, which in this case explained that "there was a qualified vocational expert [McEachin] that gave hearing testimony after the opinion of Ms. Benchich was submitted," and that VE McEachin's qualified expert testimony that Plaintiff's transferable skills would "still exist" and "the step 5 jobs identified were the same tools, work processes, work settings, and industry as [Plaintiff's] past relevant work" adequately supported the ALJ's Step Five finding. (PageID.30); *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 562 (6th Cir. 2022) ("[W]e agree that the vocational expert's testimony at Moat's hearing amounted to substantial evidence supporting the ALJ's decision."). The AC was not otherwise required to further articulate the persuasiveness of Ms. Benchich's vocational report. *See O'Neal v. Commissioner of Social Security*, 799 F. App'x 313, 318 (6th Cir. 2020) (holding that the ALJ "was under no duty 'to conduct an independent investigation' into [a] vocational expert's testimony to determine whether it was correct.") (quoting *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006)).

Plaintiff's reliance on *Ensley v. Comm'r of Soc. Sec.,* 2022 WL 5287798 (E.D. Tenn. Aug. 10, 2022), to support her position is misplaced. In *Ensley*, a plaintiff submitted a post-hearing report to specifically challenge the reliability of the VE's hearing testimony, but the ALJ overruled the objection and found the VE's testimony to be reliable. *Ensley*,

10

2022 WL 5287798, at *5, *9. After the Appeals Council denied review, the plaintiff sought judicial review, arguing that the ALJ failed to "discuss the substance of the [post-hearing] report or provide a reviewable rationale for rejecting this evidence that inarguably contradicts the testifying VE's testimony." *Id.* at *1, *10. The district court ruled for the plaintiff, finding that "while the ALJ was under no duty to conduct an independent investigation into [the VE's] testimony, where [the plaintiff] challenged the testimony, then conducted the investigation and presented the results to the ALJ (with the ALJ's express permission and within the ALJ's allowed timeframe), the ALJ should have done more than simply rely on [the VE's] experience and purported consistency of his testimony with the DOT," and so "based on the current record, [the court] cannot meaningfully review the ALJ's findings concerning the reliability of [the VE's] testimony." *Id.* at *11.

Plaintiff's case is distinguishable from *Ensley* in several respects. First, Plaintiff submitted Ms. Benchich's vocational report before the administrative hearing and before VE McEachin's testimony, and it was thus part of the record before the hearing and before the ALJ issued his decision. Second, during the administrative hearing, Plaintiff's then counsel did not raise any challenges or objections to VE McEachin's testimony as to the transferability of Plaintiff's skills, despite having obtained and submitted Ms. Benchich's vocational report weeks prior to the hearing. Third, while the ALJ did not discuss Ms. Benchich's report, on review, the AC expressly discussed the substance of Ms. Benchich's report and still explained why VE McEachin's subsequent testimony was supported.[9]

---

[9] Plaintiff appears to acknowledge that *Ensley* is distinguishable from the facts of her case, as she argues that "the ALJ's failure to discuss Ms. Benchich's opinion would fall under *Ensley*'s ruling,

11

Finally, even if the ALJ erred in not discussing Ms. Benchich's report, or the AC's discussion of the report was inadequate, it would at most amount to harmless error. As the Commissioner correctly notes, Ms. Benchich's report does not provide an assessment of Plaintiff's transferability of skills for the correct time period; a claimant's ability to perform other work requiring her previously acquired skills is assessed as of ***the date last insured***, 20 C.F.R. § 404.1565(a) (providing that the relevant date when considering work experience and the "skills and abilities you have acquired through work you have done" is "when the disability insured status requirement was last met"), but Ms. Benchich's report assessed them as of a significantly later date. Specifically, Ms. Benchich's August 2021 report states that Plaintiff last performed work "7 years ago" in September 2014, and since then "[t]he processes and technology have changed reducing the transferability of skills." (PageID.387). But again, here, the relevant time period is between the date last worked (September 20, 2014) and the date last insured (December 31, 2019), not through the date of Ms. Benchich's report written more than one and a half years later on August 25, 2021. (*Id.*). Indeed, courts have held that even "post-date-last-insured medical evidence generally has little probative value unless it illuminates the claimant's health before the insurance cutoff date." *Grisier v. Comm'r of Soc. Sec.*, 721 F. App'x 473, 477 (6th Cir. 2018); *see Wilson v. Comm'r of Soc. Sec.*, 783 F. App'x 489, 499 (6th Cir. 2019) ("Because the [post-date-last-insured] assessment does not relate to [claimant's] condition before [the

---

even if the Appeals Council's discussion would not." (ECF No. 12, PageID.909). However, as discussed above *supra* at 9-10, the Appeals Council's decision is the final decision of the Commissioner. *Mullen* , 800 F.2d at 554.

date last insured], the ALJ sufficiently explained her rationale for giving no weight to this assessment."); *Magic v. Colvin*, No. 14-12868, 2015 WL 5244414, at *5 (E.D. Mich. Sept. 7, 2015) ("Likewise, [] evidence after the date last insured is relevant only to the extent it indicates the claimant's condition prior to the date last insured"). Plaintiff does not dispute that Ms. Benchich's report broadly assesses the transferability of Plaintiff's previously acquired skills as of the date of her written report *in August 2021*, which is beyond the relevant time period as it relates to her DIB claim and therefore has little to no probative value. *See Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849-50 (6th Cir. 2020) ("Evidence of a claimant's medical condition at the last insured date is only considered to the extent it illuminates that condition before the expiration of the claimant's insured status.").

While Ms. Benchich's report does not speak to Plaintiffs' skills as of the date last insured, VE McEachin's testimony does speak to that issue. As the AC explained, "when considering how much time has passed since last working, the period under consideration in this case is from the date last worked, September 2014 through the date last insured, December 31, 2019, which is a few months past 5 years. Ms. McEachin testified that there were transferable skills that would still exist *even after* 7 years," which necessarily means those skills would have existed as of the date last insured. (PageID.30) (emphasis added).

In sum, substantial evidence supports the Appeals Council's handling of the vocational evidence and its finding that Plaintiff acquired work skills from past relevant work that were transferable to other occupations during the relevant period, with jobs existing in significant numbers in the national economy, such that Plaintiff was not disabled at any time between the amended alleged onset date of November 1, 2017, through the date

13

last insured of December 31, 2019.

### Conclusion

For the foregoing reasons, the Commissioner's Motion for Summary Judgment **(ECF No. 11)** is **GRANTED**, Plaintiff's Motion for Summary Judgment **(ECF No. 9)** is **DENIED**, and the Appeal Council's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: March 14, 2024　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 14, 2024.

　　　　　　　　　　　　　　　　　　s/Eddrey O. Butts
　　　　　　　　　　　　　　　　　　EDDREY O. BUTTS
　　　　　　　　　　　　　　　　　　Case Manager